SKINNER & CO. vs. C. T. GULICK, Tax-Collector.

EXCEPTIONS.

HEARING, OCTOBER 20, 1890.    DECISION, NOVEMBER 25, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

On the first day of July, 1888, the plaintiffs were in possession of the property of the Hawaiian Tramways Company, limited, and engaged in the work of constructing the street railways under the franchise to said company.  While in such occupancy, and after the first day of August, the Assessor for Honolulu assessed to plaintiffs the said franchise. The tax was paid by plaintiffs under protest, and they brought action to collect the same.  The Hawaiian Tramways Company, limited, did not file their corporation papers and notices in the Interior Department until August 29th, 1888.  The plaintiffs made no return of the franchise, and did not disclose to the Assessor the names of their principals, or the fact that they were in possession merely as agents and contractors.

Held, that the corporation had no existence under the Hawaiian laws on the first of July, 1888.  That the plaintiffs were in possession of the franchise.  That it was the duty of the Assessor to make an assessment according to the best information within his reach.  That, under the circumstances, the plaintiffs were liable for the taxes.

OPINION OF THE COURT, BY BICKERTON, J.

This matter was heard by Mr. Justice Dole, the jury being waived, his decision being rendered August 11th, 1890, giving judgment for the defendant.

Upon a careful consideration of this case we are of opinion that the decision appealed from should be sustained, and we accordingly affirm the same.

Exceptions overruled.

DECISION OF DOLE, J., APPEALED FROM.

It appears from the evidence that the franchise for constructing and operating street railways in Honolulu, granted by the

Legislatures of 1884 and 1886 to William R. Austin, was transferred by him to Henry R. Armstrong, a partner in the firm of Skinner and Company of London, plaintiffs herein, and was by him transferred to the Hawaiian Tramways Company, limited, a foreign corporation, previous to the first day of July, A. D. 1888.

For several months in the year 1888, covering the first day of July, the plaintiffs were in possession of the property of the Hawaiian Tramways Company, limited, and engaged in the work of constructing the street railways under the franchise. While in such occupancy, and after the first day of August, the assessor for said Honolulu assessed to plaintiffs the said franchise upon a valuation of one hundred thousand dollars, upon which the tax is one thousand dollars. After some correspondence with the defendant Tax-Collector, this tax was paid by plaintiffs under protest, and this action was brought by them to collect the same.

It is in evidence that the Hawaiian Tramways Company, limited, did not file their corporation papers and notices in the Interior Department as by law required until August 29th, 1888. Said corporation, then, had no existence under the Hawaiian laws on the first day of July, 1888, but at that time the work of constructing the street railways under the franchise was actively prosecuted by the plaintiffs ; it must be admitted, therefore, that they were exercising the rights granted by the franchise, or in other words, that they were in possession of the franchise. This being so, they were required by law to make a return of the same to the assessor during the month of July. There is no evidence that any such return was made. It became then the duty of the assessor to make an assessment according to the best information within his reach. The tax upon the franchise was charged to Skinner and Company, not to the Hawaiian Tramways Company, limited, as might be inferred from the correspondence in the case.

It thus appears that the plaintiffs, as the agents of the Hawaiian Tramways Company, limited, did not disclose to the assessor the names of their principals or the fact that they were in

possession merely as agents and contractors, as they might and should have done by making the assessment returns required by law.

Under these circumstances the plaintiffs were liable for the taxes paid under protest, both by the principles of common law and the Hawaiian statute relating to the assessment and collection of taxes.

Let judgment therefore be entered for defendant.

*Paul Neumann*, for plaintiffs.

*Chas. Creighton*, for defendant.